IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MARION A. HENLEY,                        )
                                         )
            Petitioner,                  )
                                         )
    v.                                   )        CV 118-080
                                         )          (Formerly CR 116-077)
UNITED STATES OF AMERICA,                )
                                         )
            Respondent.                  )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, an inmate at the Williamsburg Federal Correctional Institution in Salters, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

**I.      BACKGROUND**

On October 4, 2016, the grand jury in the Southern District of Georgia charged Petitioner in a sixteen-count indictment with one count of dealing in firearms without a license, seven counts of felon in possession of a firearm, seven counts of distribution of methamphetamine, and one count of possession with intent to distribute methamphetamine. United States v. Henley, CR 116-077, doc. no. 1 (S.D. Ga. Oct. 4, 2016).  The charge of dealing in firearms without a license carried a maximum term of five years imprisonment,

while the felon in possession of a firearm charge carried a maximum term of ten years imprisonment for each of the seven counts. CR 116-077, doc. no. 2. The methamphetamine distribution and possession charges carried a maximum sentence of twenty years imprisonment for each count. Id. at 2. Petitioner retained Christopher Scott Connell to represent him as trial counsel. Id., doc. no. 11.

On January 5, 2017, Petitioner appeared with counsel before Chief United States District Judge J. Randal Hall and pleaded guilty to Count Nine, distribution of methamphetamine. Id., doc. nos. 15, 16. In exchange for the guilty plea, the government agreed to (1) dismiss the remaining counts in the indictment; (2) not object to a recommendation for a two-point acceptance of responsibility reduction and move for an additional one-point reduction under the Sentencing Guidelines if Petitioner's offense level was sixteen or greater; and (3) consider filing a motion, based on any "substantial assistance" provided by Petitioner, for downward departure under U.S.S.G. § 5K1.1 or requesting a reduction of Petitioner's sentence under Fed. R. Crim. P. 35. Id., doc. no. 16, pp. 3-4, 6.

On May 31, 2017, Judge Hall sentenced Petitioner to a total term of imprisonment of 160 months. Id., doc. no. 25. All other remaining counts against Petitioner were dismissed and judgment entered on May 31, 2017. Id., doc. no. 25. Petitioner did not file a direct appeal. Petitioner filed his first § 2255 motion in this Court on November 17, 2017. See Henley v. United States, CV 117-154, doc. no. 1 (S.D. Ga. Nov. 17, 2017). Petitioner raised a single ground alleging Mr. Connell failed to file a notice of appeal despite Petitioner instructing him to do so. Id. The Court appointed attorney Beau Worthington to represent Petitioner for the purpose of an evidentiary hearing, which was held on March 13, 2018. Id., doc. nos. 5, 12. On March 27, 2018, the undersigned recommended Petitioner's

§ 2255 motion be denied on the basis that Petitioner did not request counsel to file a direct appeal. Id., doc. no. 14.  On April 12, 2018, Mr. Worthington filed objections to the R&R on Petitioner's behalf.  Id., doc. no. 17.  On April 23, 2018, after considering the objections to the R&R, the Court adopted the R&R as its opinion and denied Petitioner's § 2255 motion. Id., doc. no. 18.

Petitioner signed his current § 2255 motion on April 30, 2018, and the Clerk of Court filed the motion on May 3, 2018.  (Doc. no. 1, pp. 1, 12.)  In Ground One, Petitioner claims Mr. Worthington was ineffective for failing to file objections to the March 27th R&R, which Petitioner did not receive until "several weeks" after it was issued, and asks the Court to allow him to file pro se objections to the March 27th R&R.  (Id. at 4, 12.)  In Ground Two, Petitioner asserts a new claim that Mr. Connell was ineffective for advising Petitioner he would only receive 30-37 months of imprisonment and Petitioner was ultimately sentenced to 160 months.  (Id. at 5.)

## II.    DISCUSSION

### A.    Petitioner's Ground One Claim is Meritless and Should be Dismissed.

Petitioner argues Mr. Worthington rendered ineffective assistance of counsel by failing to object to the March 27th R&R in CV 117-154.  (Id. at 4.)  Petitioner also states he did not receive the R&R until "several weeks after the order was issued," and requests the opportunity to file pro se objections to the R&R as relief.  (Id. at 4, 12.)

Petitioner's Ground One claim fails as a matter of law.  A habeas petitioner does not have a constitutional right to counsel during post-conviction proceedings and, accordingly, cannot claim he was denied effective assistance of counsel during such proceedings. Saunders v. United States, 380 F. App'x 959, 964 (11th Cir. 2010) (citing Coleman v.

Thompson, 501 U.S. 722, 752 (1991); Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003)); Pressley v. United States, Case No. 5:16-cv-08024-VEH, 2017 WL 412893, at *4 (N.D. Ala. Jan. 31, 2017); Burgess v. United States, Case Nos. 12-CV-80340-RYSKAMP, 11-CR-80012-RYSKAMP, 2016 WL 1624010, at *9 (S.D. Fla. Jan. 19, 2016), *adopted by* 2016 WL 1583829 (S.D. Fla. Feb. 18, 2016); Jones v. United States, Nos. 1:10-CR-0453-ODE-JFK-4, 1:14-CV-1000-ODE-JFL, 2015 WL 2169236, *7 (N.D. Ga. May 8, 2015).

Furthermore, even if Petitioner had a constitutional right to counsel during post-conviction proceedings, he would not be entitled to relief based on the facts of his claim. Despite Petitioner's contentions, Mr. Worthington did, in fact, file objections to the March 27th R&R, which the Court considered before adopting the R&R as its opinion and denying Petitioner's motion on the merits.[1]  CV 117-154, doc. nos. 17, 18.  Thus, it appears from Petitioner's motion and the record of the prior § 2255 proceedings that Petitioner's Ground One claim is meritless, and the Court may dismiss his Ground One claim at this stage under Rule 4 of the Rules Governing Section 2255 Proceedings.[2]

**B.    Petitioner's Ground Two Claim Against Mr. Connell is Barred as a Second or Successive Motion.**

Petitioner's Ground Two ineffective assistance claim against Mr. Connell cannot be considered because of the successive motion restrictions enacted by AEDPA and now contained in 28 U.S.C. §§ 2255 and 2244(b).  Section 2255 provides in relevant part:

_____

[1]A court may take judicial notice of its own records.  United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

[2]Additionally, even if Petitioner had requested an extension of time to file pro se objections to the March 27th R&R, the Court would have denied Petitioner's request. Petitioner was represented by counsel for the sole claim asserted in his first § 2255 motion, and counsel filed objections to the March 27th R&R as to that claim.  Accordingly, Petitioner had no right to file pro se objections to the March 27th R&R and a request for time to do so would have been meritless.

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2). Section 2244, in turn, provides that prior to filing a successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those that were barred as second or successive, holding that the petitioner's numerically second motion was *not* second or successive because the claim asserted therein, improper sentencing as a career offender, was not yet ripe at the time of his first motion because the predicate state convictions had not yet been vacated. In doing so, the Stewart court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting that, like in that case, petitioner's motion fell within a "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 863. The Stewart court further noted that the Fifth Circuit's approach in Leal Garcia "is consonant with the Supreme Court's reasoning in" Panetti v. Quarterman, 551 U.S. 930 (2007). Id. at 862.

Leal Garcia explained that "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under

§ 2244(b)(2)(A):  Indeed, this is the reason why authorization is needed to obtain review of a successive petition."  Leal Garcia, 573 F.3d at 221 (emphasis in original).  Indeed, AEDPA was specifically designed to protect against prisoners "repeatedly [attacking] the validity of their convictions and sentences" as "the legal landscape shifts."  Id. at 221-22.  Likewise, "claims based on a *factual* predicate not previously discoverable are successive," but if the alleged defect did not exist or did not ripen until after adjudication on the merits of the previous petition, *e.g.*, an order vacating a federal prisoner's predicate state convictions used to enhance the federal sentence, a claim may be part of a small subset of claims not considered second or successive.  Stewart, 646 F.3d at 863 (citing Leal Garcia, 573 F.3d at 221, 222).

Here, Petitioner has previously filed a § 2255 motion that was denied on the merits. See CV 117-154, doc. nos. 6, 8.  No intervening *factual* defect has come into existence and caused Petitioner's Ground Two claim to ripen in the time between Petitioner's first motion and the instant motion.  See Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014). The events involved in Petitioner's Ground One claim took place during pretrial negotiations and sentencing, and Petitioner gives no explanation for why he could not raise this claim in his first § 2255 motion.  Such a request is properly classified as "second or successive" in the sense contemplated by § 2255.

Because Petitioner has not yet received authorization from the Eleventh Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider Petitioner's Ground Two claim.  See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition").

6

## III.    CONCLUSION

Based on an initial review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2255 motion be **DISMISSED** for the reasons set forth above, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of May, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA