IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 116-077 |
| | * | |
| MARION A. HENLEY | * | |

O R D E R

On November 25, 2024, the Court received a motion from Defendant Marion A. Henley, which had been deposited into the mail on November 15, 2024. It is identical to the motion Defendant filed on July 29, 2024, in which he moved to reduce his sentence based upon Amendment 821 to the United States Sentencing Guidelines. The Court will now consider whether Defendant is entitled to the requested sentence reduction.

A federal court may modify a sentence if the defendant's sentencing range has been subsequently lowered by the Sentencing Commission, after consideration of the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(2).

Amendment 821 (Part B) provides a retroactive decrease in offense level for certain "zero point" offenders. With Defendant's lengthy criminal history, he was most certainly not a zero point offender. Accordingly, this part of Amendment 821 offers him no relief.

Amendment 821 (Part A) provides a retroactive adjustment for certain offenders whose criminal history was impacted by "status points" under U.S.S.G. § 4A1.1. Because Defendant did not receive any status points, this part of Amendment 821 is also inapplicable.

Amendment 821 has no effect on Defendant's guideline range. Accordingly, his motions to reduce his sentence based upon Amendment 821 (docs. 61 & 63) are **DENIED**. His related motions to appoint counsel (docs. 62 & 64) are **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia this 3rd day of December, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA